and we'll move to our final case this morning for argument Andrade versus City of Hammond. All right I see both counsel. Mr. McEwen you may proceed. Thank you Your Honor. Good morning and may it please the court. My name is Patrick McEwen and I appear today before Jose Joe Andrade on an appeal of the dismissal of his federal 1983 action arising from an administrative proceeding before the Hammond Board of Public Works and Safety. The sum and essence of the plaintiff's complaint filed approximately a year ago is that in 2017 during a an administrative proceeding to determine whether the plaintiff's building was quote-unquote an unsafe building the Hammond Board of Public Works and Safety violated the plaintiff's due process rights by enacted for determining whether a property violates a local zoning density ordinance. In other words at this proceeding the City of Hammond was arguing that Mr. Andrade's five-unit apartment building had actually been constructed as a single-family residence and in support of that theory they put on expert testimony regarding the manner of construction and framing of the house and it's the plaintiff's position in the federal lawsuit that an Indiana trial court judge is required to determine if a property like Mr. Andrade's violates the zoning density ordinance. The district court dismissed pursuant to trial our federal rule of civil procedure 12b1 finding that the district courts subject matter jurisdiction because the the matter had proceeded through the Indiana Court of Appeals the Indiana Supreme Court and to a petition for writ of certiorari to the United States Supreme Court and it's our position on appeal that the district court improperly applied what is known as the inextricably intertwined doctrine of Rooker Feldman. Interestingly I'm not certain that the inextricably intertwined doctrine should have survived the United States Supreme Court opinion in Skinner versus Switzer in 2011 because in that instance Justice Ginsburg writing for the majority conceded that district courts had expanded the application of Rooker Feldman well beyond the limits and scope of the original doctrine and also in 2014 writing for a panel of this court Judge Easterbrook in Richardson versus Koch law firm at 768 bed third 732 also indicated that the inextricably intertwined standard had been rejected both times it had been appealed to the United States Supreme Court and that and Judge Easterbrook indicated that what we really ought to do is return to the doctrine of Rooker Feldman as announced in the Saudi basic oil Exxon Mobil litigation in 2004 and that was only several years after the Skinner versus Switzer which also rejected the inexplicably intertwined analysis to determine if a state court proceeding precluded subject matter jurisdiction in the United States District Court. In our in a new era of applying the Rooker Feldman doctrine after the Exxon Mobil versus Saudi basic decision narrowed it to its original core purpose but you still will have to apply that in this case. Absolutely your honor. The district court here relied heavily on our decision in Swartz versus Heartland Equine which was another enforcement action kind of a case. Absolutely your honor and and in our brief we focused on distinguishing Swartz versus Heartland Equine rescue on the basis that that court or that matter had already proceeded through a criminal probable cause hearing there had been discovery criminal charge in other words a state an Indiana state judicial officer had undertaken review and had administered all the process to which the Swartz's were entitled. That's a merit question I'm talking about the application of Exxon Mobil versus Saudi basic. Yes your honor. For any way to distinguish the Swartz case from this case on the Rooker Feldman issue not on the merits issue about what process was doing whether process was appropriately delivered. Yes your honor. The manner in which I distinguish Schwartz from this matter your honor is that the first judicial review of the administrative enforcement action by the city of Hammond is an appeal on a direct appeal which while the Indiana Court of Appeals did not say that the Indiana Administrative Procedures Act applies to the force the four limits of review of an administrative procedure they have borrowed from the Administrative Procedures Act even though the Hammond Board of Public Works is not subject to the act so it and Roddy was not afforded a full panoply of his rights because he is the one that instituted the state court proceeding to review an administrative agency enforcement action and I go back to the Feldman case for 60 US for 76 where the United States Supreme Court indicated that we should focus on the character of the proceeding in enforcing the Rooker Feldman doctrine in Swartz the character of the proceeding was a criminal charge a a charge for disregard of animal safety and Swartz fully participated in the and Roddy the character of the proceeding was a very narrow and limited review of administrative proceeding that occurred so the character of the proceeding is differentiated because and Roddy was not charged in state court with a crime or an ordinance violation I really wish he had been because I believe that in order to enforce the unsafe building law the city of Hammond must obtain a determination from an Indiana state judge that his building was originally constructed and unlawfully converted because that's how Indiana enforces the zoning density codes or the zoning density ordinances it requires a trial court determination that the building in fact was unlawfully converted I I would ask if there are no other questions I would like to at least reserve a minute and 30 for a rebuttal of the appellee thank you your honors thank you good morning may it please the court this is a fanciful recitation of what's taken place in this protracted litigation this was a proceeding under the Indiana unsafe building law it was not a zoning proceeding and the arguments with regard to whether or not zoning was pertinent to this particular matter was decisively rejected by both the Indiana trial court the Lake Superior Court and the Indiana Court of Appeals to whom this matter was then appealed the Indiana Court of Appeals at 114 Northeastern 3rd 507 516 says for purposes of the unsafe building law it is of no moment how the property was originally built or zoned after all we're talking about the exercise of the reviewing the merits of the claim we're reviewing a jurisdictional dismissal under Rooker Feldman that's really the only issue before us well the important thing of course is that he has maintained that he never had a reasonable opportunity to litigate the claims which he is now advancing and a significant portion of Judge Springman's order is directed to showing that in fact he did have a reasonable opportunity to litigate under the under the existing law in the state of Indiana that question mr. Jensen is whether the claims in this suit are seeking review of the state court judgment absolutely and we've now got the Exxon Mobil versus Saudi basics decision which narrows the Rooker Feldman doctrine to essentially its core that it applies when the plaintiff is a state court loser asking the federal lower courts to review the different kind of an injury and as I understand the claim here it's that the plaintiff was injured by the administrative action but he had the opportunity to review all of the concerns that he had including constitutional issues on the state side right I understand that but that was by way of judicial review of an agency action does does has Rooker Feldman ever applied to block an injury a federal suit for an injury that's associated with a state administrative action well you've got three cases which the district court relied upon the court wasn't courts wasn't an administrative action that that action was initiated in in court yes as well I'm sorry this one has been through but it wasn't it wasn't initiated in or the the challenge action is the administrative action here that's correct it's not the court action well he's challenging every aspect of the review and that's the reason the that in this particular case the fact that you alleged that I had a constitutional violation under 1983 because of the actions that were taken in the state proceedings no because we're taken by the city in the administrative proceeding and those are a federal court action for an injury emanating from a state administrative eating well we have we have Schwartz that is straight of proceeding that was a court proceeding it was it was there's a distinction there and I think it's an important one well the government it may not be important for purposes of preclusion doctrine you have a what strikes me as a very good preclusion defense here as has already been ruled on in a parallel case as I understand it but we're not here on a preclusion argument we're here on a Rooker-Feldman jurisdictional argument which is very narrow well mr. Jensen let me let me interject this the appeal came from the Safety Board's decision and by statute went directly to the court that's the appeal from the board that's correct and he was afforded another hearing before that court from there it went to the Indiana Court of Appeals from there there was a appeal to the Indiana Supreme Court where transfer was denied and then an appeal to the United States Supreme Court where a petition for writ of certiorari was was denied so then after all of that is over he then returns to a federal court and says that I was my constitutional rights were violated because of the proceedings that took place all the way along in the in the state court it wasn't just before the administrative agency it was before the proceedings in the Lake Superior Court and it was with regard to the Indiana Court of Appeals so it's a thoroughgoing attack on the entire statutory framework by which this is handled and it was that the judge Springman addressed when she concluded that number one you have the opportunity to raise all of these and you did coming back into court and saying that you have a constitutional right doesn't change or alter the fact that you've had the opportunity to raise all of these all the way along the line on the state side moreover all of these claims were inextricably intertwined with the proceedings below and as a doctrine has been called into question and at the narrowed by the Exxon Mobil I don't agree that's what we said oh that's that's settled now and I am at a loss to find any appellate authority from this circuit or any other circuit that holds that Roker Feldman blocks a federal claim for injuries emanating from an administrative order such as what we have here even when that administrative order is appealable to the courts through judicial review and and such an appeal has been taken and lost that the the point is the injury that's being claimed is the injury from the that's a fundamental disagreement because as I read Feldman itself constitutional claims which are inextricably intertwined with state court judgments and there are multiple ones in this case negate a federal district courts jurisdiction and that's what our court below relied on Roker Feldman was limited in the Exxon Mobil case only because there was an ongoing state court proceeding at the time the federal court action was filed and as a result the court the Supreme Court says the proper analysis there is one of full faith and credit and race judicata it is not Roker Feldman but in our case all of the proceedings were concluded on the state side before the case was filed in the federal court and it was for that reason that all of this was looked at by the court of by the by the district court to reach a conclusion as to whether or not under the existing authority here which includes Gary and Gels and Schwartz whether or not he has satisfied his standard in order to somehow or another avert or get around Roker Feldman and the conclusion was that you cannot get around Roker Feldman in a situation like this otherwise you're going to have a parallel federal court action which is nothing more than a second bite at the state court apple and for that reason that's the reason Judge Springman denied all of this but to say that the the two Supreme Court cases have changed the basic analysis is I think a little wide of the mark particularly when you have the opportunity to raise all of the evidentiary issues and all of the constitutional issues at the state court level and offer nothing new other than a claim for damages and a claim based upon the the notion that you've somehow or another had a constitutional violation which you've already litigated all right thank you very much I'm sorry yeah I just like to ask mr. Jensen in the state court there seemed to be a dialogue between plaintiffs counsel in the court on limitation of witnesses the state court seemed to indicate in the record that there may be a limitation on who can be called I don't know if you're familiar with that I don't want to surprise you with that but it's it's in the record at the state court level and perhaps mr. McEwen can speak to that I do know the material that you're referring to judge flom and the state court said that there would be no new evidence if there was an issue with regard to that an appeal should have followed because there were a number of issues that were raised with the Indiana Court of Appeals with regard to that but that issue was never appealed to the Indiana Court of Appeals now after we've gone through all of that we then come back on the federal side and say we now want to raise that which thank you sir all right thank you mr. McEwen thank you mr. Jensen asserts that I'm seeking a second bite at an apple but in the state court proceeding given the limitations imposed upon the plaintiffs evidence by the trial court I was bobbing at apples not biting at them he limited my ability and said in the I was asserting the enforcement of zoning ordinances as a mechanism under the Indiana Administrative Procedures Act to try and slip into one of the four bases upon which a state trial court can overturn an administrative action all for not I'm sorry your honor did you raise that on appeal I attempted to assert on appeal that the ineffective enforcement of a local density zoning ordinance meant that the administrative action was outside the bounds of the law and that was shot down they said no they're not acting as a zoning enforcement entity they're simply enforcing the unsafe building law so you've had that litigated once in right I I had that reviewed by the Indiana Court of Appeals but it's not been litigated your honor because in the federal court complaint I assert something called the fast-track program by which the city of Hammond we assert has targeted section 8 and low-income landlords to enforce these unsafe building law against landlords who rent to tenants who are low-income in neighborhoods where the mayor doesn't want low-income residents with that I see my time has expired and if there are no more questions I thank the court for your time all right thank you very much our thanks to both counsel the case is taken under advisement and that concludes the court's calendar for today that court is in recess